UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARILYN BECKFORD, as Parent and Natural
Guardian of M.B., and MARILYN BECKFORD,
Individually;

                              21-CV-462

MARIA HIDALGO and ABUNDIO SANCHEZ,
as Parents and Natural Guardians of L.S.,             COMPLAINT FOR
and MARIA HIDALGO and ABUNDIO               DECLARATORY AND
SANCHEZ, Individually;                           INJUNCTIVE RELIEF

                             Plaintiffs,

       -against-

RICHARD CARRANZA, in his Official Capacity
as the Chancellor of the New York City Department
of Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

                             Defendants.
------------------------------------------------------------------X

       PLAINTIFFS, MARILYN BECKFORD, as Parent and Natural Guardian of M.B., and

MARILYN BECKFORD, Individually; and MARIA HIDALGO and ABUNDIO SANCHEZ,

as Parents and Natural Guardians of L.S., and MARIA HIDALGO and ABUNDIO SANCHEZ,

Individually; for their Complaint respectfully state[1]:

### PRELIMINARY STATEMENT

       1.     The Individuals with Disabilities Education Act ("IDEA") offers federal funds to

States in exchange for a commitment to furnish a "free appropriate public education" (FAPE) to all

---

[1] Although the full name of the Parent is used in the Complaint and order to show cause herein, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect the Student's privacy.

children with certain physical or intellectual disabilities. See §1401(3)(A)(i) (listing covered disabilities).

2.      As defined in the Act, a FAPE comprises special education and related services — instruction tailored to meet a child's unique needs and supportive services sufficient to permit the child to benefit from the instruction.

3.      An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance.

4.      Under the IDEA, an Individualized Education Program ("IEP") serves as the primary vehicle for providing a child with the promised FAPE.

5.      Each of the Plaintiffs' children herein suffers from a brain injury.

6.      As a result of each child's brain injury, the children have global developmental impairments, which adversely affect their educational abilities and performance; each child is non-verbal and non-ambulatory, has highly intensive management needs, and requires a high degree of individualized attention, instruction.

7.      The Parents/Plaintiffs herein each brought a Due Process Complaint ("DPC") against the New York City Department of Education ("DOE") alleging, among other things, that the DOE did not offer their child a FAPE for the school year specified herein; each Plaintiff/Parent requested as relief, among other things, an order requiring the DOE to fund their child's educational program during the Pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415(j).

8.      During the Pendency of a Due Process Proceeding, unless the school district and the Parent otherwise agree, both federal and state law require that the child remains in his or her then-current educational placement. See 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a); N.Y. Educ. L. § 4404(a).

9.      Since Pendency has the effect of an automatic injunction, the Plaintiffs/Parents need not meet the standard requirements for injunction relief, such as the likelihood of success on the merits, irreparable harm, or a balancing of the hardships.

10.      However, if the Court finds that Parent is required to meet such traditional requirements, it is submitted that the Plaintiff does meet such requirements.

11.      The purpose of Pendency is to provide stability and consistency in the education of students with a disability and to prevent schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

**JURISDICTION AND VENUE**

12.      The instant case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and the regulations of the United States Department of Education, which were promulgated under authority granted by the statute, 34 C.F.R. Part 300.

13.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims arise under federal law (IDEA), 28 U.S.C. § 1343(a), in that the claims herein arise under the laws providing for the protection of Civil Rights, and under 42 U.S.C. § 1983.

14.      To the extent, if any, that this case involves questions of special education rights under New York State law, more specifically New York Education Law §§ 4404 and 4410, this Court has supplemental jurisdiction under 28 U. S.C. §1367.

15.      Venue is proper under 28 U.S.C. § 1391(b) as the defendants maintain offices and perform their official duties and responsibilities in Kings County.

16.     Plaintiffs are entitled to costs and reasonable statutory attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i).

## MATERIAL FACTS

### *MARILYN BECKFORD, as Parent and Natural Guardian of M.B.*

17.     MARILYN BECKFORD is the Parent and Guardian of M.B., a minor child (the "Parent").

18.     M.B. is a resident of the City of New York.

19.     M.B. has a brain injury resulting in permanent and severe disability.

20.     Because M.B. is a student with a disability and a resident of New York City, Defendant New York City Department of Education ("DOE") is obligated by the IDEA to provide M.B. with a free appropriate public education ("FAPE") every school year. See, 20 U.S.C. § 1400, *et seq.*

21.     The DOE must also provide M.B. with an Individualized Education Program ("IEP") for every school year.

22.     On or about September 27, 2019, M.B.'s Parent initiated a Due Process Complaint ("DPC") resulting in Impartial Hearing Officer ("IHO") Case No. 189799 alleging that the DOE failed to provide M.B. with a FAPE for the 2019-2020 school year, and sought, among other things, an Order directing the DOE to fund M.B.'s placement at the International Institute for the Brain ("iBRAIN") for the 2019-2020 school year.

23.     On December 2, 2020, Impartial Hearing Officer ("IHO") Edgar De Leon issued a Pendency Order and Findings of Fact and Decision ("FOFD") in IHO Case No. 189799.

24. IHO De Leon found that the DOE was in default of its obligation to provide a FAPE to M.B. and ordered the DOE to fund M.B.'s placement at iBRAIN for the 2019-2020 school year as Pendency.

25. Neither party appealed IHO De Leon's Pendency Order and FOFD.

26. On or about December 7, 2020, all of the documents required to implement IHO De Leon's Pendency Order and FOFD were provided to the DOE's Implementation Office.

27. On or about December 17, 2020, M.B.'s Parent's Counsel was notified that the Pendency Order and FOFD would be implemented before January 7, 2021.

28. To date, the Defendants have failed and/or refused to fully comply with the Pendency Order and FOFD, to wit: the Defendants have paid special transportation and nursing-related services, however, the Defendants have failed and/or refused to pay the tuition and other related services for M.B. at iBRAIN for the 2019-2020 school year.

*MARIA HIDALGO and ABUNDIO SANCHEZ, as Parents and Natural Guardians of L.S.*

29. Maria Hidalgo and Abundio Sanchez are the Parents and Guardians of L.S., a minor child (the "Parents").

30. L.S. is a resident of the City of New York.

31. L.S. has a brain injury resulting in permanent and severe disability.

32. Because L.S. is a student with a disability and a resident of New York City, the Defendant DOE is obligated by the IDEA to provide L.S. with a FAPE every school year. See, 20 U.S.C. § 1400, *et seq*.

33. The DOE must also provide L.S. with an Individualized Education Program (IEP) for every school year.

34.     On or about July 8, 2019, L.S.'s Parents initiated a Due Process Complaint ("DPC") resulting in Impartial Hearing Officer ("IHO") Case No. 185180 alleging that the DOE failed to provide L.S. with a FAPE for the 2019-2020 school year, and sought, among other things, an Order directing the DOE to fund L.S.'s placement at the International Institute for the Brain ("iBRAIN") for the 2019-2020 school year.

35.     On November 14, 2020, IHO Edgar De Leon issued a Pendency Order and FOFD in IHO Case No. 185180.

36.     IHO De Leon found that the DOE was in default of its obligation to provide a FAPE to L.S. and ordered the DOE to fund L.S.'s placement at iBRAIN for the 2019-2020 school year as Pendency.

37.     Neither party appealed IHO De Leon's Pendency Order and FOFD.

38.     To date, the Defendants have failed and/or refused to fully comply with the Pendency Order and FOFD, to wit: the Defendants have failed and refused to pay the tuition and related services for L.S. at iBRAIN for the 2019-2020 school year.

## AS AND FOR A FIRST CAUSE OF ACTION

39.     The BECKFORD Plaintiffs repeat and reallege paragraphs 1 through 33 as if set forth more fully herein.

40.     The Defendants' failure to fully implement the Pendency Order and FOFD directing the DOE to fund M.B.'s placement at iBRAIN deprived M.B. of his rights under the IDEA, including his right to Pendency under the "stay-put" provision (20 U.S.C. § 1415(j)) of the IDEA, and the regulations promulgated thereunder, as well as New York Education Law §§ 4404 and 4410, and thus deprives the Plaintiffs/Parents and M.B. of their rights secured by federal law in violation of 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

41.     The HIDALGO/SANCHEZ Plaintiffs repeat and reallege paragraphs 1 through 33 as if set forth fully herein.

42.     The Defendants' failure to implement the Pendency Order and FOFD directing the DOE to fund L.S.'s placement at iBRAIN deprived the Plaintiffs/Parents, and L.S. of their rights under the IDEA, including L.S.'s rights to Pendency under the "stay-put' provision (20 U.S.C. § 1415(j)) of the IDEA, and the regulations promulgated thereunder, as well as New York Education Law §§ 4404 and 4410, and thus deprives the Plaintiffs/Parents and L.S. of their rights secured by federal law in violation of 42 U.S.C. § 1983.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs Respectfully request that this Court:

a. Issue a Preliminary Injunction:

    i.   Ordering the DOE to comply with and implement each of IHO De Leon's Pendency Orders and FOFDs, pertaining to M.B and L.S. respectively, as cited above, immediately;

    ii.  Ordering any other equitable relief and damages as may please the Court, as a result of the failure and/or delay by DOE in enforcing M.B.'s and L.S.'s Pendency placement at iBRAIN for the 2019-2020 school year, as alleged herein;

b. Enter a judgment against the Defendants and in favor of each of the Plaintiffs:

- Declaring that the Defendants violated the Plaintiffs' rights as set forth herein;

- Ordering the Defendants to implement all aspects of the IHO Pendency Orders and FOFD's cited above;

- Ordering such other, further, and different equitable relief and damages due to Plaintiffs as a result of the DOE's failure or delay in implementing said Orders;

- Awarding Plaintiffs' statutory costs and reasonable attorneys' fees; and

- Granting such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated: January 27, 2021
      New York, NY

                  Respectfully Submitted,
                  Brain Injury Rights Group, Ltd.
                  *Attorney for Plaintiffs*

                  By:_____/S/_____
                    Rory J. Bellantoni, Esq. (RB 2901)
                    300 East 95th Street, Suite 130
                    New York, NY 10128
                    (646) 850-5035