UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

MARILYN BECKFORD, et al.,

                          Plaintiffs,

            -against-

RICHARD CARRANZA, et al.,

                    Defendants.

------------------------------------------------------------------x

**DECLARATION OF SAPNA KAPOOR IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

21-cv-00462 (EK) (PK)

**SAPNA KAPOOR**, under penalty of perjury, declares pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Director of the Impartial Hearing Order Implementation Unit (the "Implementation Unit") at the New York City Department of Education. I have worked in the Implementation Unit since June 2015, and have been its Director since January 2018.

2. I was advised by counsel at the Law Department that at a hearing on Plaintiffs' application for a preliminary injunction, held on February 16, 2021, the Court directed the Department of Education to submit an affidavit concerning (i) the Department's control over the disbursement of payments made pursuant to Impartial Hearing Orders and (ii) the history and status of payments made on behalf of the students M.B. and L.S. I submit this declaration pursuant to the Court's instructions and in opposition to Plaintiffs' application for injunctive relief.

3. This declaration is based on my personal knowledge, on my review of documents and records maintained by the Department, and on conversations I have had with Department employees.

### A.     Implementation Process

4.     The process of implementation starts with the issuance of an order by an Impartial Hearing Officer. Generally, the order must be "unpacked" by a staff in the Implementation Unit before steps can be taken for implementation. That is, someone must review the order in detail and determine the specific obligations (referred to as "action items") to be implemented, as well as each item's deadline for implementation.

5.     Once a payment action item is assigned to an Implementation Unit staff member, if the Department has all the information and documentation needed to make a payment, the action item can be authorized for payment. The payment specialist must assess whether documentation produced at the hearing is sufficient to authorize a case for payment or if additional information/documentation is needed.

6.     As a matter of internal controls, to make a payment, one staff member must create an authorization, and a different staff member must separately process the payment, both reviewing the relevant information to ensure accuracy. An additional approval is required for payments to schools or vendors in excess of $25,000.00. Each of these steps takes time for staff in the Implementation Unit but are necessary to ensure that the Department makes proper payments.

7.     Payments pursuant to Impartial Hearing Orders are not issued by the Department. Once the Department has authorized and processed a payment, it has no role in or control over the disbursements of monies. I have been advised that payments are made through a citywide automated disbursement process. Further, contrary to the allegations I understand Plaintiffs here have made, the Department does not, and does not have the ability to, schedule such payments.

**B.   Implementation Concerning M.B.**

8.     On December 7, 2020, Plaintiff's counsel provided certain documentation in connection with its request for payments pursuant to an Impartial Hearing Order in impartial hearing case no. 189799 concerning services provided to M.B. in the 2019-2020 school year.

9.     On January 7, 2021, I notified Plaintiffs' counsel by email that the Implementation Unit was working on processing the requested payments. I also advised counsel of two issues with the documentation previously provided by counsel regarding this claim: (1) duplicate invoices were provided by Plaintiff's counsel on behalf of  B&H Healthcare Services (a provider of nursing services) for May and June 2020 while invoices for March and April 2020 were not provided; and (2) 180 days were billed by the transportation company Sister's Travel, even though the tuition affidavit provided by the private school, the International Institute for the Brain ("iBRAIN"), stated that there were 179 school days in the 2019-2020 school year.

10.     In response to my email, on January 7, 2021, Plaintiff's counsel provided a corrected transportation invoice. On January 8, 2021, the Implementation Unit processed the transportation invoices. A review of the DOE financial system data shows that transportation invoices were paid by electronic funds transfer on January 12 and January 16, 2021.

11.     On January 8, 2021, the Implementation Unit processed the invoices for nursing services provided by B&H Healthcare Services that had been submitted through that date. A review of the DOE financial system data shows that these invoices were paid by check dated February 8, 2021.

12. On January 12, 2021, Plaintiff's counsel provided the missing invoice for services provided by B&H Healthcare Services for April 2020. This invoice was processed by the Implementation Unit on February 16, 2021.

13. On January 20, 2021, the Implementation Unit processed the payment for the iBRAIN tuition for the 2019-2020 school year in full.

14. On January 12, 2021, Plaintiff's counsel also advised that a different nursing agency provided services for March and part of April 2020. These invoices have not yet been received by the Department.

15. Accordingly, the Department has processed all invoices submitted thus far by Plaintiffs' counsel pursuant to the Order in impartial hearing case no. 189799 concerning M.B.'s 2019-2020 school year and payments have already been made for many of these. Upon receipt of the outstanding invoices for March and part of April 2020, the Implementation Unit will review the invoices in the ordinary course and, if appropriate, will process the requested payment.

**C.    Implementation concerning L.S.**

16. On December 23, 2020, Plaintiff's counsel intended to provide certain documentation in connection with its request for payments pursuant to an Impartial Hearing Order in impartial hearing case no. 185180 concerning L.S.'s 2019-2020 school year. The documentation attached to this email actually pertained to the 2020-2021 school year.

17. On February 3, 2021, Thomas Beam, Associate Director, notified Plaintiff's counsel that the documentation provided on December 23, 2020, which counsel purported was for the 2019-2020 school year, was mislabeled, as it concerned the 2020-2021 school year.

18.     In response to this request, on February 3, 2021, Plaintiff's counsel provided correct documentation.

19.     On February 9, 2021, the Implementation Unit authorized payments for the cost of tuition and transportation, and the payments were processed on February 10 and February 11, 2021, respectively.

20.     Accordingly, the Department has processed all invoices submitted by Plaintiffs' counsel pursuant to the Order in impartial hearing case no. 185180 concerning L.S.'s 2019-2020 school year.

Dated: New York, New York
        February 17, 2021

_____
Sapna Kapoor