UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MARILYN BECKFORD, Individually and as Parent and Natural Guardian of M.B., and MARIA HIDALGO and ABUNDIO SANCHEZ, Individually and as Parents and Natural Guardians of L.S.,

Plaintiffs,

-against-

RICHARD CARRANZA in his Official Capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

-------------------------------------x

**MEMORANDUM & ORDER**
21-CV-0462(EK)(PK)

ERIC KOMITEE, United States District Judge:

Parents of two students, M.B. and L.S., obtained "pendency orders" under Section 1415(j) of the Individuals with Disabilities Education Act, requiring the New York City Department of Education ("DOE") to fund retroactively the students' placement at the International Institute for the Brain ("iBRAIN") for the 2019-2020 school year. The pendency orders were issued by an "impartial hearing officer" in November and December 2020, and they required the DOE to pay for tuition, transportation, and nursing expenses. Since the pendency orders issued, the DOE has made most, but not all, of the required payments. The parents now move for a temporary restraining

order and preliminary injunction, asking the Court to require the Defendants to make the remaining payments "immediately."

## I. IDEA Framework and Procedural History

The Individuals with Disabilities Education Act ("IDEA") offers federal funds to states that provide "all children with disabilities" a "free appropriate public education" ("FAPE"). 20 U.S.C. § 1412(a)(1)(A). Parents who believe that their child is not being provided a FAPE may file a "due process complaint" and request a hearing before an impartial hearing officer ("IHO"). *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020).

The two sets of Plaintiffs filed due process complaints alleging that the DOE failed to provide their respective children with a FAPE for the 2019-2020 school year; they sought, among other things, a pendency order under 20 U.S.C. § 1415(j) directing the DOE to fund their child's placement at iBRAIN for that year. IHO Edgar De Leon granted pendency orders in both cases; L.S.'s order is dated November 14, 2020 and M.B.'s is dated December 2, 2020.[1] The IHO ordered DOE to pay the costs of tuition for both students, and their transportation costs, for the entirety of the 2019-2020 school

---

[1] According to the DOE, the IHO order concerning L.S. was issued and mailed to the parties on December 22, 2020, and the order concerning M.B. was issued and mailed on December 3, 2020. Defs.'s Opp. Letter at 1 n.1, ECF No. 13.

year. He also ordered DOE to pay for a one-on-one nurse for M.B. and a paraprofessional for L.S. Both orders state that payment must be made upon the DOE's "receipt of reasonably satisfactory proof of services having been rendered." M.B.'s Pendency Order at 34, ECF No. 7-1; L.S.'s Pendency Order at 24, ECF No. 7-2.

## II. Discussion

Plaintiffs contend that because the pendency statute operates as an "automatic injunction," *Ventura de Paulino*, 959 F.3d at 529, funding of pendency placement should also happen automatically — that is, instantaneously. The Court is unpersuaded by this argument.

Plaintiffs have pointed to nothing in the law that requires pendency payment to happen immediately. The gravamen of the pendency provision is to "maintain the educational status quo while the parties' dispute is being resolved." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014). There is no evidence before me that the amount of time the City is taking to pay the school or vendors has, or even may, impact the children's education. Citing the same lack of evidence, another district judge in this Circuit recently denied an application for injunctive relief under functionally identical circumstances. *See* Defs.'s Ex. A at 21:5-22:13, Hearing Transcript, *Jhoana Juca, et al., v. Richard Carranza, et*

*al.*, 19-CV-09427 (S.D.N.Y. Oct. 18, 2019), ECF No. 13-1 (denying, on similar grounds, a preliminary injunction motion for immediate pendency payment). Indeed, the 2019-2020 school year had ended by the time the IHO issued the pendency orders requiring the Defendants to retroactively fund the children's education for that year. There was therefore no disruption in M.B.'s or L.S.'s education.

Plaintiffs have not proffered, or offered evidence to show, that Defendants have been delinquent in complying with the pendency orders. Indeed, the available evidence is to the contrary. DOE produced the declaration of Sapna Kapoor, the Director of the Impartial Hearing Order Implementation Unit at the DOE, attesting that the administration of these payments takes some time. Defs.'s Declaration of Sapna Kapoor ¶¶ 4-7, ECF No. 18 ("Kapoor Decl."). The process necessarily involves receiving and reviewing documentation, authorizing payments, and processing invoices. *Id.* The Defendants detailed their efforts to review Plaintiffs' documentation at some length in the Kapoor Declaration. *Id.* ¶¶ 8-20 (discussing the process of processing invoices and authorizing payments for L.S. and M.B.).

Defendants also adduced evidence demonstrating that at least some of the time it has taken to process the payments in question was occasioned by issues with the documentation submitted by the Plaintiffs. The Plaintiffs acknowledge as

much. "[T]wo of the documents" initially provided to the DOE for L.S. "did contain errors" in that they referenced "the 20-21 school year, instead of the 19-20 school year." Pls.'s Declaration of William Frazier ¶ 40, ECF No. 20. Also, the paperwork submitted for M.B. contained a discrepancy between the number of days billed for tuition and the number of days billed for transportation. *Id.* ¶ 29. Plaintiffs also submitted duplicate nursing invoices for May and June 2020, but none for March and April 2020. *Id.* ¶¶ 25, 31.

Plaintiffs do not satisfy the traditional preliminary injunction standard, which requires a showing of "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). For the reasons stated above, Plaintiffs have not shown that they have been irreparably harmed.

Finally, it is not even clear that Plaintiffs have sued the right party, given that the remedy they are seeking is immediate disbursement. Ms. Kapoor attests that "[o]nce the Department has authorized and processed a payment, it has no role in or control over the disbursements of monies." Kapoor Decl. ¶ 7. Payments are made not by the DOE, but through a

"citywide automated disbursement process." *Id.* The City's Corporation Counsel indicated that payments are actually disbursed by the Office of Payroll Administration, rather than DOE, and neither that agency nor the City itself are party to this litigation.

**III. Conclusion**

For the foregoing reasons, the application for a temporary restraining order and preliminary injunction is denied.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: March 2, 2021
Brooklyn, New York