UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MARILYN BECKFORD, Individually and as
Parent and Natural Guardian of M.B.,
and MARIA HIDALGO and ABUNDIO SANCHEZ,
Individually and as Parents and
Natural Guardians of L.S.,                                **AMENDED**
                                                **MEMORANDUM & ORDER**
                          Plaintiffs,           21-CV-0462(EK)(PK)

              -against-

RICHARD CARRANZA in his Official
Capacity as Chancellor of the New York
City Department of Education, and the
NEW YORK CITY DEPARTMENT OF EDUCATION,

                          Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

            Parents of two students, M.B. and L.S., obtained

"pendency orders" under Section 1415(j) of the Individuals with

Disabilities Education Act, requiring the New York City

Department of Education ("DOE") to fund retroactively the

students' placement at the International Institute for the Brain

("iBRAIN") for the 2019-2020 school year.  The pendency orders

were issued by an "impartial hearing officer" in November and

December 2020, and they required the DOE to pay for tuition,

transportation, and nursing expenses.  Since the pendency orders

issued, the City has made most, but not all, of the required

payments.  The parents now move for a temporary restraining

order and preliminary injunction, asking the Court to require the Defendants to make the remaining payments "immediately."

## I.    IDEA Framework and Procedural History

The Individuals with Disabilities Education Act ("IDEA") offers federal funds to states that provide "all children with disabilities" a "free appropriate public education" ("FAPE").  20 U.S.C. § 1412(a)(1)(A).  Parents who believe that their child is not being provided a FAPE may file a "due process complaint" and request a hearing before an impartial hearing officer ("IHO").  *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020).

The two sets of Plaintiffs filed due process complaints alleging that the DOE failed to provide their respective children with a FAPE for the 2019-2020 school year; they sought, among other things, a pendency order under 20 U.S.C. § 1415(j) directing the DOE to fund their child's placement at iBRAIN for that year.  IHO Edgar De Leon granted pendency orders in both cases; L.S.'s order is dated November 14, 2020 and M.B.'s is dated December 2, 2020.[1]  The IHO ordered DOE to pay the costs of tuition for both students, and their transportation costs, for the entirety of the 2019-2020 school

---

[1] According to the DOE, the IHO order concerning L.S. was issued and mailed to the parties on December 22, 2020, and the order concerning M.B. was issued and mailed on December 3, 2020.  Defs.'s Opp. Letter at 1 n.1, ECF No. 13.

year.  He also ordered DOE to pay for a one-on-one nurse for
M.B. and a paraprofessional for L.S.  Both orders state that
payment must be made upon the DOE's "receipt of reasonably
satisfactory proof of services having been rendered."  M.B.'s
Pendency Order at 34, ECF No. 7-1; L.S.'s Pendency Order at 24,
ECF No. 7-2.

## II.  Discussion

        Plaintiffs contend that because the pendency statute
operates as an "automatic injunction," *Ventura de Paulino*, 959
F.3d at 529, funding of pendency placement should also happen
automatically — that is, instantaneously.  The Court is
unpersuaded by this argument.

        Plaintiffs have pointed to nothing in the law that
requires pendency payment to happen immediately.  The gravamen
of the pendency provision is to "maintain the educational status
quo while the parties' dispute is being resolved."  *T.M. ex rel.
A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir.
2014).  There is no evidence before me that the amount of time
the City is taking to pay the school or vendors has, or even
may, impact the children's education.  Citing the same lack of
evidence, another district judge in this Circuit recently denied
an application for injunctive relief under functionally
identical circumstances.  *See* Defs.'s Ex. A at 21:5-22:13,
Hearing Transcript, *Jhoana Juca, et al., v. Richard Carranza*, *et*

3

*al.*, 19-CV-09427 (S.D.N.Y. Oct. 18, 2019), ECF No. 13-1
(denying, on similar grounds, a preliminary injunction motion
for immediate pendency payment).  Indeed, the 2019-2020 school
year had ended by the time the IHO issued the pendency orders
requiring the Defendants to retroactively fund the children's
education for that year.  There was therefore no disruption in
M.B.'s or L.S.'s education.

Plaintiffs have not proffered, or offered evidence to
show, that Defendants have been delinquent in complying with the
pendency orders.  Indeed, the available evidence is to the
contrary.  DOE produced the declaration of Sapna Kapoor, the
Director of the Impartial Hearing Order Implementation Unit at
the DOE, attesting that the administration of these payments
takes some time.  Defs.'s Declaration of Sapna Kapoor ¶¶ 4-7,
ECF No. 18 ("Kapoor Decl.").  The process necessarily involves
receiving and reviewing documentation, authorizing payments, and
processing invoices.  *Id*.  The Defendants detailed their efforts
to review Plaintiffs' documentation at some length in the Kapoor
Declaration.  *Id*. ¶¶ 8-20 (discussing the process of processing
invoices and authorizing payments for L.S. and M.B.).

Defendants also adduced evidence demonstrating that at
least some of the time it has taken to process the payments in
question was occasioned by issues with the documentation
submitted by the Plaintiffs.  The Plaintiffs acknowledge as

4

much.  "[T]wo of the documents" initially provided to the DOE
for L.S. "did contain errors" in that they referenced "the 20-21
school year, instead of the 19-20 school year."  Pls.'s
Declaration of William Frazier ¶ 40, ECF No. 20.  Also, the
paperwork submitted for M.B. contained a discrepancy between the
number of days billed for tuition and the number of days billed
for transportation.  *Id*. ¶ 29.  Plaintiffs also submitted
duplicate nursing invoices for May and June 2020, but none for
March and April 2020.  *Id*. ¶¶ 25, 31.

        Plaintiffs do not satisfy the traditional preliminary
injunction standard, which requires a showing of
"(1) irreparable harm; (2) either a likelihood of success on the
merits or both serious questions on the merits and a balance of
hardships decidedly favoring the moving party; and (3) that a
preliminary injunction is in the public interest."  *N. Am.
Soccer League, LLC v. U.S. Soccer Fed'n, Inc*., 883 F.3d 32, 37
(2d Cir. 2018).  For the reasons stated above, Plaintiffs have
not shown that they have been irreparably harmed.

        Finally, it is not even clear that Plaintiffs have
sued the right party, given that the remedy they are seeking is
immediate disbursement.  Ms. Kapoor attests that "[o]nce the
Department has authorized and processed a payment, it has no
role in or control over the disbursements of monies."  Kapoor
Decl. ¶ 7.  Payments are made not by the DOE, but through a

"citywide automated disbursement process." *Id.* The City's Corporation Counsel indicated that payments are actually disbursed by the Office of Payroll Administration, rather than DOE, and neither that agency nor the City itself are party to this litigation.

## III. Conclusion

For the foregoing reasons, the application for a temporary restraining order and preliminary injunction is denied.


SO ORDERED.


<u>/s Eric Komitee             </u>
ERIC KOMITEE
United States District Judge


Dated:     March 3, 2021
           Brooklyn, New York